```
          IN THE UNITED STATES DISTRICT COURT

          FOR THE EASTERN DISTRICT OF TEXAS

                     PLANO DIVISION

UNITED STATES OF AMERICA,  *
                           * CASE NO.
     Plaintiff,            * 4:17-CR-105-1 ALM-KPJ
                           * PLANO, TEXAS
     v.                    * THURSDAY
                           * DECEMBER 21, 2017
DEREK MYLAN ALLDRED,       * 10:59 A.M. TO 11:15 A.M.
                           *
     Defendant.            *
```

---

TRANSCRIPT OF CHANGE OF PLEA HEARING

BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON

UNITED STATES MAGISTRATE JUDGE

DECEMBER 21, 2017

---

TRANSCRIPTION SERVICE BY:

DIPTI PATEL
7306 DANWOOD DRIVE
AUSTIN, TEXAS 78759
Tel: 847-848-4907

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

A P P E A R A N C E S

For the Government:

    Heather Rattan, Esquire
    U.S. Attorney's Office - Plano
    101 East Park Boulevard, Suite 500
    Plano, Texas 75074


For the Defendant:

    Robert Arrambide, Esquire
    Federal Public Defender - Sherman
    600 East Taylor, Suite 4000
    Sherman, Texas 75090

```
 1    PLANO, TEXAS; THURSDAY, DECEMBER 21, 2017; 10:59 A.M.
 2        (Call to Order of the Court)
 3            THE COURT:  The Court calls Case Number
 4   4:17-CR-105, United States versus Derek Mylan
 5   Alldred.
 6            MS. RATTAN:  Heather Rattan for the United
 7   States, Your Honor.
 8            MR. ARRAMBIDE:  Robert Arrambide for Mr.
 9   Alldred, Your Honor.  If I may approach?
10            THE COURT:  Good morning.
11            Mr. Alldred, please raise your right hand
12   to be sworn.
13        (Defendant sworn.)
14            THE COURT:  All right.  We're here today,
15   sir, for your change of plea hearing.  Please state
16   your full name and age for the record.
17            THE DEFENDANT:  Derek Mylan Alldred, 47
18   years old.
19            THE COURT:  And what is the last grade of
20   school you've completed?
21            THE DEFENDANT:  Pardon me.
22            THE COURT:  What is the last grade of
23   school you've completed?
24            THE DEFENDANT:  Five years of college, so.
25            THE COURT:  Have you ever been diagnosed
```

```
 1  with any mental illness or problem?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  Okay.  Tell me about that.
 4          THE DEFENDANT:  When I was a child.
 5          THE COURT:  Okay.  I'm having a hard time
 6  hearing you.
 7          THE DEFENDANT:  I'm sorry.  When I was a
 8  child 25 years ago, dissociative identity disorder
 9  that it's been with me for 25 years.
10          THE COURT:  Have you been followed by a
11  doctor for that?
12          THE DEFENDANT:  On and off, yes.
13          THE COURT:  Okay.  And are you currently on
14  any prescribed medications?
15          THE DEFENDANT:  No.
16          THE COURT:  Okay.  All right.  Are you
17  currently under the influence of any drug or alcohol?
18          THE DEFENDANT:  No.
19          THE COURT:  All right.  Mr. Arrambide, do
20  you believe your client is competent to proceed here
21  today?
22          MR. ARRAMBIDE:  Yes, Your Honor.
23          THE COURT:  Sir, you have the right to have
24  your plea taken by the district judge assigned to
25  your case or you can have me, a United States
```

1  magistrate judge, take your plea and make a
2  recommendation to the district court.  Do you
3  understand you have this right?
4          THE DEFENDANT:  Yes, ma'am.
5          THE COURT:  I'm holding up your Waiver and
6  Consent Form.  Is that your signature on the bottom?
7          THE DEFENDANT:  Yes.
8          THE COURT:  That's an interesting
9  signature.  And is it your desire to have your plea
10 taken by me here today and then make a recommendation
11 to the district court?
12         THE DEFENDANT:  Yes, ma'am.
13         THE COURT:  All right.  I find the Waiver
14 and Consent's been knowingly and voluntarily given
15 and we'll proceed with the plea.  Have you had an
16 opportunity to fully review and discuss this case
17 with your counsel?
18         THE DEFENDANT:  I have, yes.
19         THE COURT:  Are you satisfied with the
20 advice and representation you've been given?
21         THE DEFENDANT:  Yes, ma'am.
22         THE COURT:  All right.  You've been charged
23 with violations of federal criminal law in a First
24 Superseding Indictment.  Have you received a copy of
25 the Indictment?

```
 1                THE DEFENDANT:  Yes, ma'am.
 2                THE COURT:  You have the right to have the
 3   Indictment read aloud into the record or you may
 4   waive that right.  What would you like to do?
 5                THE DEFENDANT:  I'll waive it.  Yes, ma'am.
 6                THE COURT:  All right.  Do you understand
 7   the nature of the charges alleged against you?
 8                THE DEFENDANT:  Yes, ma'am.
 9                THE COURT:  Okay.  I'm going to ask the
10   Assistant United States Attorney to read aloud the
11   elements of the offense to which you're pleading
12   guilty.  These are the elements the Government would
13   be required to prove beyond a reasonable doubt to
14   establish your guilt if you were to go to trial.
15                Ms. Rattan.
16                MS. RATTAN:  Your Honor, the Defendant's
17   pleading guilty to Counts 3, 4, and 6 of the
18   Superseding Indictment.  The elements for Counts 3
19   and 4 are: (1) that the Defendant knowingly
20   transferred, possessed, or used (2) without lawful
21   authority (3) means of identification of another
22   person (4) during and relation to a felony enumerated
23   in 18 U.S.C. Code Section 1028(a)(C), specifically
24   access device fraud.
25                The elements of Count 6 are: that the
```

```
 1  Defendant knowingly devised or intended to devise a
 2  scheme to defraud; (2) that the scheme to defraud
 3  employed false material representation pretenses and
 4  promises; (3) that the Defendant mailed something or
 5  caused something to be sent or delivered through the
 6  United States Postal Service or a private or
 7  commercial carrier for the purpose of executing such
 8  scheme or attempted to do so; and (4) that the
 9  Defendant acted with the specific intent to defraud.
10          Those are the elements of the three counts
11  the Defendant's pleading guilty to, Your Honor.
12          THE COURT:  Thank you.
13          Mr. Alldred, do you understand each of the
14  essential elements set forth?
15          THE DEFENDANT:  I do, Your Honor.
16          THE COURT:  And do you admit that you
17  committed each one of those elements?
18          THE DEFENDANT:  Yes, ma'am, I do.
19          THE COURT:  All right.  I've received plea
20  documents that have been signed by you and your
21  counsel.  Well, I say that.  I think we had some
22  documents that still needed signatures.  Have we --
23  we have those now?  Okay.  All right.  The documents
24  consist of a Plea Agreement, a Plea Agreement
25  Addendum, and a Factual Basis.
```

```
 1              Let me ask you, sir, to please confirm your
 2   signature on each one of those documents.
 3              THE DEFENDANT:  Yes, ma'am.  On the first
 4   one, the Addendum.  Yes, ma'am.
 5              THE COURT:  All right.  And did you review
 6   each one of these documents with your counsel before
 7   you signed them?
 8              THE DEFENDANT:  Yes, I did.  Yes, ma'am.
 9              THE COURT:  Okay.  If you'll look with me
10   at your Plea Agreement, I'm going to review some of
11   the paragraphs in our Plea Agreement aloud if you'll
12   please follow along, starting with paragraph 1
13   entitled "Rights of the Defendant."  This paragraph
14   list certain constitutional rights that you have,
15   such as to plead not guilty, to have a trial by a
16   jury, to have your guilty proved beyond a reasonable
17   doubt, to confront and cross-examine witnesses and to
18   call witnesses in your defense, and to not be
19   compelled to testify against yourself.
20              Going down to paragraph 2, if you plead
21   guilty to Counts 3, 4, and 6 of the Superseding
22   Indictment, you will be waiving those constitutional
23   rights.  Do you understand that?
24              THE DEFENDANT:  I do.
25              THE COURT:  Paragraph 3 entitled
```

```
 1  "Sentence," this paragraph lists the minimum and
 2  maximum penalties that can be imposed in your case,
 3  and they are as follows: For Counts 3 and 4,
 4  imprisonment for a term of 24 months to run
 5  consecutive which means in addition to any other term
 6  of imprisonment imposed, a fine not to exceed $10
 7  million, and a term of supervised release of at least
 8  five years, a special assessment of $100, forfeiture
 9  of property involved in or traceable to the offense,
10  restitution to victims of the community, and costs of
11  incarceration and supervision.
12          For Count 6, the minimum and maximum
13  penalties are: imprisonment for a period of not more
14  than 20 years, a fine not to exceed $250,000, a term
15  of supervised release of not more than three years,
16  and then a special assessment of $100, the forfeiture
17  of property involved in or traceable to the offense,
18  and restitution to the victims of the community and
19  costs of incarceration and supervision.
20          Do you understand these are the minimum and
21  maximum penalties that can be imposed in your case?
22          THE DEFENDANT:  Yes, Your Honor.  I do.
23          THE COURT:  All right.  And, sir, just to
24  make sure you understand this correctly, do you
25  understand that the punishment for Counts 3 and 4
```

```
 1  will -- that the jail time imposed will be in
 2  addition to what is imposed for Count 6?
 3       (Counsel and Defendant confer briefly)
 4           THE DEFENDANT:  Yes, sir.  I do.  Yes, Your
 5  Honor.
 6           THE COURT:  Okay.
 7           THE DEFENDANT:  Thank you.
 8           THE COURT:  Paragraph 4 entitled "Court
 9  Sentencing, Discretion, and Role of the Guidelines,"
10  this paragraph discusses the United States Sentencing
11  Guidelines.  Essentially, the Court will refer to the
12  Guidelines in determining your sentence but those
13  guidelines are not binding upon the Court.  Do you
14  understand that?
15           THE DEFENDANT:  Yes, I do.
16           THE COURT:  Have you had an opportunity to
17  discuss the guideline range in your case with your
18  counsel?
19           THE DEFENDANT:  Yes, Your Honor.  I have.
20           THE COURT:  Paragraph 5 entitled,
21  "Guideline Stipulations" lists a provision, the
22  guideline provision that you and the Government agree
23  should apply to your case.  Do you understand that
24  the Court is not bound by this stipulation?
25           THE DEFENDANT:  Yes, Your Honor.  I do.
```

```
 1              THE COURT:  Do you also understand that if
 2   you are sentenced to a term that is higher than what
 3   you're expecting, that you will still be bound by
 4   this Plea Agreement?
 5              THE DEFENDANT:  I do, Your Honor.  Yes.
 6              THE COURT:  So long as it does not exceed
 7   the statutory maximum?
 8              THE DEFENDANT:  Yes, I do.
 9              THE COURT:  All right.  If you'll look with
10   me at paragraph 8 entitled "Forfeiture," this
11   paragraph states that you're agreeing to forfeit
12   voluntarily and immediately the items listed in
13   subparagraphs (a) and (b).  Subparagraph (a) states
14   military uniforms, ribbons, badges, or any other
15   military item, and (b) counterfeit badges and
16   emblems.
17              Are you, in fact, agreeing to forfeit those
18   items to the Government?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  And, also, within this
21   paragraph you're agreeing not to file any claim with
22   respect to those items or try to intervene in any
23   forfeiture proceeding.  Is that correct?
24              THE DEFENDANT:  Yes, Your Honor.
25              THE COURT:  Paragraph 11 entitled
```

```
 1   "Voluntary Pleas" states your plea of guilty is
 2   freely and voluntarily made.  Has anyone tried to
 3   force you or threaten you to plead guilty in this
 4   case?
 5            THE DEFENDANT:  No, Your Honor.
 6            THE COURT:  And other than this Plea
 7   Agreement, have any promises or assurances been made
 8   to you in an effort to induce your plea of guilty?
 9            THE DEFENDANT:  No.  No, Your Honor.
10            THE COURT:  Paragraph 12 entitled "Waiver
11   of Right To Appeal or Otherwise Challenge Your
12   Sentence," this paragraph states that you're agreeing
13   to give up your appellate rights in this case with
14   the exception of two limited circumstances, number 1
15   being the sentence imposed exceeds the statutory
16   maximum and number 2 being your right to appeal or
17   seek collateral review of the claim of ineffective
18   assistance of counsel.
19            Are you in fact agreeing to give up your
20   appellate rights in this case with the exception of
21   those two circumstances?
22            THE DEFENDANT:  Yes, ma'am.  I am.
23            THE COURT:  All right.  If you'll look with
24   me at your Plea -- your Factual Basis, Ms. Rattan,
25   would you please summarize the Factual Basis in this
```

```
 1  case?
 2           MS. RATTAN:  Your Honor, the Defendant
 3  stipulates and agrees that at all times relevant to
 4  the Superseding Indictment, the following facts were
 5  true:
 6           (1) that the Defendant who's changing his
 7  plea to guilty in each of these counts is the same
 8  person charged in the Superseding Indictment;
 9           (2) that the events described in the
10  Superseding Indictment occurred in the Eastern and
11  Northern Districts of Texas and elsewhere;
12           (3) that on April 24th of 2017 and May 11th
13  of 2017, the Defendant knowingly used without lawful
14  authority a means of identification of another person
15  during and in relation to the felony offense of
16  access device fraud knowing the means of
17  identification belonged to another actual person;
18           (4) the Defendant with the intent to
19  defraud devised a scheme to defraud and obtain money
20  by materially false and fraudulent pretenses,
21  representations, and promises.  As part of executing
22  the scheme to defraud on April 18th of 2017, the
23  Defendant knowingly caused to be delivered by mail or
24  any private carrier items he'd purchased on the
25  Internet; and
```

```
 1                  (5) beginning in April of 2017, the
 2     Defendant engaged in a relationship with an
 3     individual he met through an online dating website,
 4     he falsely presented himself as a person named
 5     Richard Taylor.  He falsely claimed to be employed as
 6     a college professor and as a captain in the Naval
 7     Reserves.  He has never been employed in either of
 8     these occupations.  He routinely wore a military
 9     uniform and carried counterfeit badges in order to
10     continue the scheme to defraud.
11                  During the relationship, the Defendant used
12     two of the individuals' credit cards without
13     permission to order various items online and have
14     them shipped to the individual's residence in The
15     Colony, Texas.
16                  That's the Factual Basis, Your Honor.
17                  THE COURT:  Thank you.
18                  Mr. Alldred, is everything in the Factual
19     Basis true and correct?
20                  THE DEFENDANT:  It is, Your Honor.
21                  THE COURT:  Are there any changes you want
22     to make to it at this time?
23                  THE DEFENDANT:  No, Your Honor.
24                  THE COURT:  In your own words, please
25     summarize the criminal conduct to which you're
```

1  pleading guilty.
2              THE DEFENDANT:  To two counts of identity
3  theft, aggravated identity theft, and one count of
4  mail fraud.
5              THE COURT:  I know that's the charge.
6              THE DEFENDANT:  Oh, I'm sorry.
7              THE COURT:  I need you to summarize in your
8  own words what you did.
9              THE DEFENDANT:  Oh, I'm sorry.  I -- I used
10 a false name, Richard Taylor, on two different
11 occasions.  I don't recall the dates, but that --
12 that's for the -- the identity theft.  The mail
13 fraud, I caused something to be mailed under false
14 pretenses to me.
15             MR. ARRAMBIDE:  Utilizing whose credit
16 card?
17             THE DEFENDANT:  Oh, using someone else's
18 credit card.
19             THE COURT:  Okay.  Are both counsel
20 satisfied there's a factual basis to support the
21 plea?
22             MS. RATTAN:  Yes, Your Honor.
23             MR. ARRAMBIDE:  Yes, Your Honor.
24             THE COURT:  Mr. Arrambide, have you had an
25 opportunity to fully review and discuss this case

```
 1  with your client?
 2           MR. ARRAMBIDE:  I have, Your Honor.
 3           THE COURT:  And do you join in his decision
 4  to plead guilty?
 5           MR. ARRAMBIDE:  I do, Your Honor.
 6           THE COURT:  Mr. Alldred, then I'll ask you
 7  with respect to Counts 3 and 4 of the Superseding
 8  Indictment which charges a violation of 18 U.S.C.
 9  1028(a), Aggravated Identity Theft and Count 6 of the
10  Superseding Indictment which charges a violation of
11  18 U.S.C. 1341, Mail Fraud, how do you plead, guilty
12  or not guilty?
13           THE DEFENDANT:  Guilty, Your Honor.
14           THE COURT:  All right.  I'll accept your
15  plea of guilty and make the following findings on the
16  record.  The Court finds that you are competent to
17  plead and you have had assistance of counsel, you
18  understand your trial rights, and you understand the
19  nature of the charges against you.  You understand
20  the minimum and maximum penalties that can be imposed
21  with these charges.  You understand the district
22  court will refer to the Sentencing Guidelines in
23  determining your sentence, but those guidelines are
24  not binding upon the Court.
25           I find that your plea is knowing and
```

```
 1  voluntary and that there is a factual basis to
 2  support your plea.  At this time we'll enter into the
 3  record the Waiver and Consent Form, the Plea
 4  Agreement, the Plea Agreement Addendum, and the
 5  Factual Basis.
 6          I will make a recommendation that the
 7  district court accept your plea of guilty.  You'll
 8  have 14 days to make any objection to that
 9  recommendation.
10          At this time, you're going to be remanded
11  to the custody of the United States marshal pending
12  your sentencing hearing.  In the interim, you'll be
13  interviewed by a probation officer.  They'll prepare
14  a pre-trial -- a pre-sentence report.  You'll have an
15  opportunity to review that report with your counsel,
16  make objections to it, and the district court will
17  use both the report and the objections in determining
18  your sentence.
19          Do you understand that?
20          THE DEFENDANT:  I do, Your Honor.
21          THE COURT:  Anything further from counsel?
22          MS. RATTAN:  No, Your Honor.
23          MR. ARRAMBIDE:  No, Your Honor.
24          THE COURT:  All right.  We'll stand
25  adjourned in your case.
```

```
 1        (Proceedings adjourned at 11:15 a.m.)
 2                       *****
 3
 4             CERTIFICATE OF TRANSCRIBER
 5
 6        I, Dipti Patel, court-approved transcriber,
 7   certify that the foregoing is a full and correct
 8   transcript from the official electronic sound
 9   recording of the proceedings in the above-entitled
10   matter.
11
12
13   /s/ Dipti Patel
14   Dipti Patel, CET-997
15   847.848.4907
16
17
18   Date:  October 4, 2018
19
20
21
22
23
24
25
```